**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

KAREN SIMON,

        Plaintiff,

v.                                                Case No. 6:14-cv-2125-Orl-37GJK

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

        Defendant.
_____

**ORDER**

This cause is before the Court on the following:

1. Plaintiff's Motion for Final Summary Judgment and Supporting Memorandum of Law (Doc. 60), filed November 20, 2015;

2. Defendant's Response and Memorandum of Law in Opposition to Plaintiff's Motion for Final Summary Judgment (Doc. 67), filed December 18, 2015; and

3. Plaintiff's Reply to Defendant's Response in Opposition to Plaintiff's Motion for Final Summary Judgment (Doc. 71), filed January 12, 2016.

Upon consideration and for the reasons set forth below, the Court finds that the Motion is due to be denied.

**BACKGROUND[1]**

This action arises out of a state court judgment in a personal injury lawsuit against

---

[1] In resolving the Motion, the Court views all record evidence and reasonable inferences in the light most favorable to the non-moving party—Defendant State Farm Mutual Automobile Insurance Company. *See Battle v. Bd. of Regents*, 468 F.3d 755, 759 (11th Cir. 2006).

Lori Wilkins ("**Insured**") (*see* Doc. 1; Doc. 22; Doc. 61-18), who was insured under an automobile liability policy ("**Policy**") issued by Defendant State Farm Mutual Automobile Insurance Company ("**State Farm**") (Doc. 60-1, pp. 135–90). Pursuant to the terms of the Policy, State Farm agreed to defend any suit against Insured seeking damages for bodily injury caused by an automobile accident. (Doc. 60-5.)

On January 3, 2006, the Policy was in effect and Insured was involved in an accident ("**2006 Accident**") with Karen Simon ("**Plaintiff**")**.** (Doc. 63-1, p. 17; Doc. 62-1, p. 18.) That same day, Plaintiff notified State Farm of the 2006 Accident. (Doc. 62-1, p. 194.) After attempting to contact Insured several times, State Farm finally spoke with Insured about the 2006 Accident on January 4, 2006. (*See id.* at 193–94; Doc. 60-2, p. 5.) On February 21, 2006, attorney Ramon Melendez ("**Attorney Melendez**") filed a disclosure request with State Farm on behalf of Plaintiff. (Doc. 62-1, p. 184; Doc. 60-2, pp. 5–6.) State Farm responded by disclosing insurance information to Attorney Melendez and it began investigating a bodily injury claim. (Doc. 62-1, pp. 183–84.)

After a series of changes in her legal representation between February 2006 and August 2008 (*see, e.g.*, Doc. 62-1, p. 178 (indicating that Plaintiff retained new counsel); *id.* at 228 (same); Doc. 65-1, p. 42 (same)), Plaintiff filed a personal injury lawsuit against Insured in state court on August 20, 2008, for damages arising out of the 2006 Accident ("**Underlying Action**") (Doc. 61-1). After a year of unsuccessful attempts to serve Insured, Plaintiff moved for an extension of time to effectuate service of the initial pleadings in the Underlying Action. (Doc. 61-2 ("**Extension Motion**").) The state court granted the Extension Motion and granted Plaintiff leave to serve Insured on or before January 22, 2010. (Doc. 61-4 ("**Extension Order**").)

State Farm first learned of the Underlying Action on September 23, 2009, when it received copies of the Extension Motion and the Extension Order. (*See* Doc. 62-1, pp. 57, 170; *see also* Doc. 61-2, p. 2; Doc. 61-4, p. 2.) Thereafter, State Farm sent a letter to Insured notifying her that a lawsuit may be filed against her and advising her to accept service of any such lawsuit ("**Notice Letter**"). (Doc. 62-2, p. 5; *see also* Doc. 62-1, p. 170.) In the Notice Letter, State Farm requested that Insured notify it "immediately" if she received service of a lawsuit and explained that it would "provide [her] a defense for all covered claims resulting from" the 2006 Accident pursuant to the Policy. (Doc. 62-2, p. 5.) Insured did not respond to the Notice Letter, and State Farm was unable to reach her by phone. (*See* Doc. 62-1, pp. 169–70; Doc. 62-2, p. 6.)

Plaintiff finally effectuated service on Insured on December 20, 2009, at 8:50 a.m. (Doc. 61-5.) Later that morning, Insured called State Farm—the first communication between State Farm and Insured since the Notice Letter—but, according to State Farm, she did not notify the adjuster that she had been served. (Doc. 62-1, pp. 122, 168). In fact, neither Insured nor Plaintiff notified State Farm that service had been effectuated. (*See* Doc. 63-1, p. 87; Doc. 65-1, pp. 78–79; Doc. 62-1, p. 136.)

In February 2010, State Farm again attempted—unsuccessfully—to contact Insured. (*See* Doc. 62-1, pp. 136–42, 167.) As of March 9, 2010, State Farm was still unaware that service had been effectuated; consequently, it closed Insured's file due to inactivity. (*Id.* at 139, 167.)

Meanwhile, on January 27, 2010, Plaintiff moved for entry of a default against Insured in the Underlying Action due to Insured's failure to appear or file any pleadings. (Doc. 61-6.) The state court entered default against Insured on February 4, 2010

(Doc. 61-7). Ultimately, Plaintiff secured a final judgment in her favor and against Insured in the amount of $2,082,290.06 plus post-judgment interest (Doc. 61-18), and Insured assigned to Plaintiff all rights under the Policy and claims the Insured could have asserted against State Farm. (Doc. 2-1, pp. 60–61.)

Plaintiff initiated the instant action against State Farm seeking a declaration of coverage under the Policy ("**Count I**"), a determination that State Farm breached the Policy ("**Count II**"), and a determination that State Farm acted in bad faith by failing to defend Insured in the Underlying Action ("**Counts III and IV**"). (Doc. 1; *see also* Doc. 22.) The Court abated the statutory and common law bad faith claims—Counts III and IV; thus, the action is currently proceeding on Plaintiff's declaration of coverage and breach of contract claims—Counts I and II. (Doc. 28.)

Plaintiff moves for summary judgment as to both claims, arguing that State Farm breached its duty to defend and provide coverage to Insured. (Doc. 60). State Farm responded (Doc. 67), and Plaintiff replied (Doc. 71). The matter is now ripe for the Court's adjudication.

## STANDARDS

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). As to issues for which the movant would bear the burden of proof at trial, the "movant must affirmatively show the absence of a genuine issue of material fact, and support its motion with credible evidence demonstrating that no reasonable jury could find for the non-moving party on all of the essential elements of its case." *Landolfi v. City of*

*Melbourne, Fla.*, 515 F. App'x 832, 834 (11th Cir. 2012) (citing *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993)).  As to issues for which the non-movant would bear the burden of proof at trial, the movant has two options: (1) the movant may simply point out an absence of evidence to support the non-moving party's case; or (2) the movant may provide "affirmative evidence demonstrating that the nonmoving party will be unable to prove its case at trial." *U.S. v. Four Parcels of Real Prop. in Green & Tuscaloosa Cntys. in State of Ala.*, 941 F.2d 1428, 1438 (11th Cir. 1991) (citing *Celotex Corp.*, 477 U.S. at 325).

"The burden then shifts to the non-moving party, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact exists." *Porter v. Ray*, 461 F.3d 1315, 1320 (11th Cir. 2006) (citing *Fitzpatrick*, 2 F.2d at 1115–17). "A factual dispute is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Four Parcels of Real Prop.*, 941 F.2d at 1437 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

The Court must view the evidence and all reasonable inferences drawn from the evidence in the light most favorable to the non-movant. *Battle v. Bd. of Regents*, 468 F.3d 755, 759 (11th Cir. 2006). However, "[a] court need not permit a case to go to a jury . . . when the inferences that are drawn from the evidence, and upon which the non-movant relies, are 'implausible.'" *Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 743 (11th Cir. 1996).

## DISCUSSION

Plaintiff argues: (1) that State Farm's duty to defend was triggered when State Farm received notice that Plaintiff filed the complaint in the Underlying Action; (2) that

service of the complaint is not an essential precursor to the obligation to defend; and (3) that there is no genuine dispute that State Farm breached its duty when it failed to retain legal counsel to defend Insured despite its knowledge that that the Underlying Action had commenced. (Doc. 60, pp. 9–25.) State Farm counters that its duty to defend under the Policy was not triggered absent notice that Insured had been served. (Doc. 67, p. 9–15.)

"It is well settled that an insurer's duty to defend its insured against a legal action arises when the complaint alleges facts that fairly and potentially bring the suit within policy coverage. The duty to defend must be determined from the allegations in the complaint." *See Hartford Accident & Indem. Co. v. Beaver*, 466 F. 3d 1289, 1292 (11th Cir. 2006) (quoting *Jones v. Fla. Ins. Guar. Ass'n, Inc.*, 908 So. 2d 435, 442–43 (Fla. 2005)).[2] "Any doubts regarding the duty to defend must be resolved in favor of the insured." *Jones*, 908 So. 2d at 443. It is undisputed that the allegations of the Underlying Action brought the suit within the Policy. Accordingly, State Farm's duty to defend Insured in the Underlying Action was triggered by the filing of the complaint in the Underlying Action. *See Mid-Continent Cas. Co. v. Basdeo*, 742 F. Supp. 2d 1293, 1394 (S.D. Fla. 2010) ("As long as the complaint alleges facts that create potential coverage under the policy, a duty to defend is triggered."); *see also id.* (interpreting *Jones* dicta for the proposition that an insurer's duty to defend can be triggered despite an insured's failure to request a defense, notify the insurer of a pending lawsuit, or cooperate). State Farm's

---

[2] This action is in federal court on the basis of diversity jurisdiction, 28 U.S.C. § 1332, and, therefore, state law applies to any substantive issue not governed by the Federal Constitution, treaties, or Act of Congress. *See* 28 U.S.C. § 1652; *Erie R. Co. v. Tompkins*, 304 U.S. 64, 68 (1938).

contention that there can be no duty to defend absent notice of service of process is unsupported by both the policy language and relevant case law.

Nevertheless, the Court finds that genuine issues of fact remain for resolution by a jury based on State Farm's coverage defenses. State Farm argues that it was relieved of any duty it may have had due to Insured's failure to notify State Farm that she was served, cooperate with State Farm, or mitigate her damages. (*Id.* at 15–18); *see also Basdeo*, 742 F. Supp. 2d at 1332 (instructing that "arguments that an insured has not timely provided proper notice of a claim or that an insured has failed to comply with a cooperation provision constitute coverage defenses").

Whether Insured complied with the notice provisions of the Policy is a question of fact. *Basdeo*, 742 F. Supp. 2d at 1336. Thus, to prevail on summary judgment, Plaintiff must "demonstrate that no material issues of fact exist with respect to each of the following: (1) what the [P]olicy required with regard to notice; (2) when notice was provided; (3) whether notice was timely; and (4) whether prejudice exists." *Id.* (citing *Bray & Gillespie IX, LLC v. Hartford Fire Ins. Co.*, No. 6:07-cv-326-Orl-DAB, 2009 WL 1513400, at *6 (M.D. Fla. May 27, 2009)).

In relevant part, the notice provision of the Policy provides as follows:

1. **Notice to Us [State Farm] of an Accident or Loss**

   The *insured* [Insured] must give us [State Farm] . . . written notice of the accident or *loss* as soon as reasonably possible.

2. **Notice to Us [State Farm] of a Claim or Suit**

   If a claim or suit is made against an *insured*, that **insured** [Insured] must at once send us [State Farm] every demand, notice or claim made and every summons or legal process received.

7

(Doc. 60-1, p. 162.) Based on the Policy then, Insured was required to notify State Farm of both the 2006 Accident and the claim made against her in the Underlying Suit; however, viewing the current record in the light most favorable to State Farm, Insured not only failed to provide *timely* notice of the 2006 Accident or the claim against her, but she failed to provide notice altogether. Accepting these facts as true would entitle State Farm to a rebuttable presumption of prejudice. *Basdeo*, 742 F. Supp. 2d at 1336. ("If the insured breaches the notice provision, prejudice to the insurer will be presumed, but may be rebutted by a showing that the insurer has not been prejudiced.").

To rebut the presumption, Plaintiff points to evidence that State Farm had actual notice of the Underlying Action and was, therefore, not prejudiced by Insured's failure to notify. (*See* Doc. 60-1, pp. 23–25); *see also Am. Fire & Cas. Co. v. Collura*, 163 So. 2d 784, 787–88 (Fla. 2d DCA 1964) (holding that it does not matter who provides the insurer notice of the lawsuit, "so long as the notice is given . . . so that the insurance company may have an opportunity to investigate the claim and defend the suit"). State Farm counters with evidence that it was willing to defend Insured (Doc. 62-2, p. 5), but did not do so only because it was unaware that Insured had been served and that Plaintiff was actively pursuing the Underlying Action (Doc. 62-1, p. 156). Whether State Farm was indeed prejudiced requires weighing the facts—an activity reserved for the jury. *See, e.g.*, *Basdeo*, 742 F. Supp. 2d at 1338.

As to State Farm's argument regarding Insured's failure to cooperate, State Farm is relieved from its obligation to defend if it can prove that: (1) Insured failed to cooperate; (2) the lack of cooperation was material; (3) State Farm was substantially prejudiced as a result of Insured's failure to cooperate; and (4) State Farm exercised diligence and good

faith in complying with the terms of the Policy and in trying to bring about Insured's cooperation. *Phila. Indem. Ins. Co. v. Kohne*, 181 F. App'x 888, 891 (11th Cir. 2006) (citing *Ramos v. N.W. Mut. Ins. Co.*, 336 So. 2d 71, 75 (Fla. 1976)); *Collura*, 163 So. 2d at 794. "The question of whether the failure to cooperate is so substantially prejudicial as to release the insurance company of its obligation [to defend] is ordinarily a question of fact, but under some circumstances, particularly where the facts are admitted, it may well be a question of law." *Cont'l Cas. Co. v. City of Jacksonville*, 283 F. App'x 686, 691 (11th Cir. 2008) (citing *Ramos*, 336 So. 2d at 75). For reasons already addressed, the parties have each submitted affirmative evidence that establishes a genuine dispute concerning whether State Farm was substantially prejudiced by Insured's noncompliance with the Policy.[3] Further, whether State Farm exercised due diligence and good faith requires an examination of what State Farm did and said with respect to Insured and Plaintiff. *Cont'l Cas. Co. v. City of Jacksonville*, 550 F. Supp. 2d 1312, 1333–34 (M.D. Fla. 2007), *aff'd by* 283 F. App'x 686. Accepting State Farm's version of the facts, a reasonable jury could find that it exercised diligence and good faith in trying to bring about Insured's cooperation and in complying with the Policy. (*See* Doc. 62-1, pp. 167–70 (documenting State Farm's attempts to communicate with Insured)); *see also Cont'l Cas. Co.*, 283 F. App'x at 692 ("[A]n insurer exercises due diligence and good faith in securing cooperation when it makes efforts to communicate with the insured and specifically

---

[3] Plaintiff does not dispute that Insured failed to satisfy the cooperation provision, which: (1) required Insured to cooperate with State Farm; (2) required Insured to assist State Farm in making settlements, securing and giving evidence, and attending hearings and trials; and (3) prohibited Insured from assuming any obligation to others or incurring any expense (*see* Doc. 60-1, p. 162). (*See* Doc. 71, p. 3 (focusing, rather, on the lack of prejudice).)

instructs the insured to notify it of any developments in the underlying matter."). As such, Plaintiff's Motion is due to be denied.

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Motion for Final Summary Judgment and Supporting Memorandum of Law (Doc. 60) is **DENIED**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on April 4, 2016.



ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record